## In re WILLIAM TIRSCHLER & CO.

(District Court, E. D. New York. November 23, 1926.)

Bankruptcy ⊜407(1)—Facts held not to show ground for refusal of discharge.

It is not ground for refusing discharge that before filing of the petition bankrupt paid debts that were due, or that he gave to his wife a reasonable sum for living expenses.

In Bankruptcy. In the matter of William Tirschler & Co., bankrupt. On motion to confirm report of special commissioner recommending discharge and for bankrupt's discharge. Discharge granted.

Robert Siegel, of New York City, for bankrupt.

Frank H. Reuman, of New York City, for trustee and creditors.

CAMPBELL, District Judge. This matter comes before the court on a motion to confirm the report of the special commissioner recommending the bankrupt's discharge, and for the discharge of the bankrupt.

Specifications of objections to the discharge of the bankrupt were filed by certain creditors and by the trustee. On the hearing they were confined to two sums, respectively, $500 used some two or three weeks before the bankruptcy to pay a note of the bankrupt, indorsed by the bankrupt William Tirschler's wife, and $400, the proceeds of the business for the last day before the petition in bankruptcy was filed.

As to the $500, used to pay the note some two or three weeks before the bankruptcy, I agree with the special commissioner that the bankrupt should not be refused a discharge because of that payment, for the reason that there is nothing to show that such payment was not made in the ordinary and regular course of business, when due, or that the bankrupt was insolvent at the time of making such payment. The making of that payment did not constitute a ground for refusing the bankrupt a discharge.

As to the $400 paid by his cashier to the bankrupt the night before the bankruptcy, and by the bankrupt turned over to his wife, a different question arises. To be a ground for denying a discharge, it must have been shown that the bankrupt (1) committed an offense punishable by imprisonment, as in the Bankruptcy Act provided; or (2) at any time subsequent to the first day of the four months immediately preceding the filing of the petition, transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed, any of his property, with intent to hinder, delay, or defraud his creditors.

The first ground of opposition to the bankrupt's discharge was neither alleged nor proved, because the specifications allege concealment from his creditors, whereas the offense under section 29 of the Bankruptcy Law (Comp. St. § 9613) consists in "having knowingly and fraudulently concealed while a bankrupt, or after his discharge, from his trustee, any of the property belonging to his estate in bankruptcy." There was no proof of concealment from his trustee.

The second ground aforesaid, of a transfer with intent to hinder, delay, or defraud his creditors, was not sustained, because the claim of the bankrupt that the payment of the sum of $200, made to Pluesco & Campo, was made under duress of fear, was not disproved, nor was it shown that the payment to the bankrupt's lawyer was in excess of a reasonable sum, or that it was not paid before the petition was filed, and likewise that the payment of the bookkeeper's salary was other than in the usual course of business and before the petition was filed. Certainly a discharge should not be denied because before the petition was filed the bankrupt had paid to his wife the sum of $70 for living expenses.

Motion is granted, the report of the special commissioner is confirmed, and the discharge of the bankrupt will be granted. Settle order on notice.