## In re LEE.
### No. 15094.

District Court, N. D. Georgia, Atlanta Division. July 24, 1931.

McClelland, Savage & Crawford, of Atlanta, Ga., for the bankrupt.

Houston White and John J. Poole, both of Atlanta, Ga., for objecting creditor.

UNDERWOOD, District Judge.

William H. Lee filed a voluntary petition in bankruptcy November 22, 1929, and was adjudicated a bankrupt on the same date. He was a traveling salesman and at home very little. A joint drawing account of himself and wife was kept at a bank. The bank's records of this account show nothing unusual about it. The bankrupt's earnings were regularly deposited, and withdrawals were in such amounts and number as would be expected in meeting the ordinary family expenses. The canceled checks could not be produced, but there were no facts, especially in the light of the bank's records, to show destruction with intent to conceal bankrupt's financial condition. In re Silverstein (C. C. A.) 35 F.(2d) 497; Ditto v. Wallace State Bank (C. C. A.) 22 F.(2d) 971.

The evidence shows that the wife was given a reasonable amount each month to meet her own and the family expenses, and that any small surplus she managed to save was hers individually. Besides these small savings she made some money by breeding fine dogs, and perhaps had some other small income.

In addition to the joint drawing account of herself and husband, the wife had a sav-

ings account which was originally in the name of both. She testified, however, that these funds belonged to her alone, and that her husband had no interest in it, and that it was put in their joint names so that her husband could use it without legal formalities in the event anything happened to her.

The evidence is silent as to when this account was opened originally, but it appears from the bank's records that when the Fourth National Bank, the bank in which the account stood, was merged into the First National Bank, a new card was started, and the first entry thereon was a balance of $119.44, on January 1, 1929. Only four entries were made after this until the joint account was changed, on September 9, 1929, to the individual name of the bankrupt's wife; the four entries being as follows: February 4, 1929, $25; February 26, 1929, $100; March 6, 1929, $56; May 4, 1929, $80. The only withdrawal was on June 7, 1929, and was for the sum of $70.

Thereafter, while in her sole name, only one deposit was made, $50, on the 1st day of October, 1929. There is no evidence to show that this $50 came from the bankrupt, and probably did not, inasmuch as he was then unemployed, and the joint drawing account had been closed. On the other hand, $200 were drawn from the savings account on October 24, 1929, apparently to meet family expenses; bankrupt, as above stated, being then out of employment.

The objecting creditor claims that the failure of the bankrupt to schedule this savings account as an asset was a fraud on his creditors, and that his discharge should be denied on this account.

There is no evidence in the record to disprove the wife's positive testimony that the savings account belonged to her individually, nor to show any improper transfer of funds by bankrupt to his wife, or any other unlawful or fraudulent transaction with respect to his drawing account.

■ A husband has the right to give his wife small parts of his earnings from time to time, provided same are not unreasonable in relation to his earnings, and not made with intent to defraud his creditors. The mere existence of such small allowances for her personal use is not sufficient of itself to show any fraud on his creditors or any wrongful intent, and there was no other evidence on the subject. In re William Tirschler & Co. (D. C.) 18 F. (2d) 365.

The second ground of objection to the discharge was that the bankrupt failed to schedule four chairs bought of Sears Roebuck & Co. The evidence shows that these chairs were bought by the wife on the installment plan on February 15, 1928, that the first payment of $25 was made out of a gift to her son from one of his aunts, and that the bankrupt had nothing to do with the transaction. The deferred payments, the last of which was made November 13, 1928, were charged to the bankrupt on Sears Roebuck & Co.'s books, but there was no evidence that he authorized same or knew anything about the transaction. The wife claimed that these payments were made out of the part of the allowance that belonged to her individually, though drawn from the joint drawing account.

■ By the great weight of authority, the bankruptcy law should be construed liberally in favor of the bankrupt. Royal Indemnity Co. v. Cooper, 26 F.(2d) 585 (C. C. A.); Lockhart v. Edel et al., 23 F.(2d) 912 (C. A.)

I find the objections have not been sustained, and the bankrupt's discharge is hereby ordered.