**In re Karl RIDDLE, Debtor.**

**Clyde H. WILLIAMS and Wilma Williams, Plaintiffs,**

**v.**

**Karl RIDDLE, Defendant.**

**Bankruptcy No. 80–00909–BKC–TCB. Adv. No. 80–0293–BKC–TCB–A.**

United States Bankruptcy Court, S. D. Florida.

Dec. 11, 1980.

Donald L. Brooks, West Palm Beach, Fla., for defendant.

Curtis L. Witters, West Palm Beach, Fla., for plaintiffs.

Daniel L. Bakst, West Palm Beach, Fla., for trustee.

Douglass Wendel, trustee.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

Two creditors holding a judgment for $55,709 seek denial of the debtor's discharge under 11 U.S.C. § 727(a)(2)(A), transfer of the debtor's property within one year before bankruptcy with intent to defraud a creditor (C.P. No. 1). The debtor has answered (C.P. No. 4). The matter was tried on December 2, 1980. This order incorporates findings and conclusions as authorized by B.R. 752(a).

This bankruptcy was filed on July 18, 1980. Seven months earlier, the debtor executed and recorded a quitclaim deed of a residence to his adult grandson. In June, 1977, he had executed an agreement for deed with the grandson for the sale of the same property for $6,700. But at the time of the transfer by quitclaim deed, less than half the consideration had been paid. The transfer occurred less than two weeks before a jury returned the verdict which later became plaintiffs' judgment. At the time of the transfer, the debtor was defending this and other lawsuits alleging his professional malpractice.

At one point, the debtor, a widower, had four homes, which constituted all of his real property. He conveyed all four, between January, 1978 and December, 1979, for substantially less than the agreed consideration or, in the case of two homes, for no consideration at all. He conveyed homes to each of his two daughters, another to his secretary and, as has been noted, the last to his grandson. At the time of all but the first of these transfers, plaintiffs' suit against the debtor was pending. Plaintiffs' claim as well as others had arisen and had been asserted when the first transfer was made. However, the other three transfers were completed more than one year before the bankruptcy and cannot, therefore, be a ground for denial of discharge under § 727.

Discharge may only be denied if the debtor had an actual intent to hinder, delay or defraud his creditors. That intent may be inferred and it will be presumed if the debtor gratuitously transfers valuable property when pressed by creditors. *Collier on Bankruptcy* (15th ed.) § 727.02[3], n. 7. The evidence of the other three transfers fortifies, in my opinion, the presumption generated by the quitclaim transfer which is in question here.

The defense presents several issues. To begin with, the debtor, who is 90 years old, gives the appearance of one approaching incompetency. His testimony rambles as to most matters, but the debtor is definite in his testimony that he did not consider any of the pending lawsuits, including plaintiffs' case to be a serious threat. I do not believe his testimony. In this instance, his conduct speaks louder to me than his words. I find that the debtor, a land surveyor, knew he faced at least one substantial and serious claim for a surveying error, that he intended to put his major asset, his four houses, out of his creditors' reach and that he knew what he was doing when he executed each of the four transfers. Considering his professional background and his demeanor before me and his firmness with respect to the one possible defense available to him, I doubt that he is nearly as confused as he appears.

It is clear that the debtor's grown son-in-law, Hart, and his wife, Mavorette (one of the daughters who received a home) prompted and helped the debtor make the various transfers. These two moved into the debtor's home when his wife died in 1967. They have contributed consistently to his support and the conveyance of that home to Mavorette in July, 1978, was no doubt intended by both parties to preserve the home, from creditors, for their joint use and the daughter's ultimate inheritance. Mavorette, who works in a law office, prepared all the instruments involved in the transfers and arranged their execution and recordation. I find that she did so as the debtor's agent, with his knowledge, with his participation and for his benefit. For this reason, the holding in *Davis v. Jacobs*, 1 Cir. 1929, 35 F.2d 936, is not in point here. See *Collier on Bankruptcy* (15th ed.) § 727.02[4], n. 17.

The defense also argues that the quitclaim conveyance conveyed nothing, because the debtor had on December 21, 1967, deeded the property in question to his son-in-law, Hart. That conveyance had been duly recorded more than a year before this bankruptcy. However, Hart admits that the 1967 conveyance was an accommodation to help the debtor obtain a loan, a purpose subsequently achieved. Although Hart denies that he held the property in trust for his father-in-law, he admits he paid nothing for the conveyance. He also admits that he later executed the agreement for deed of this same property to the grandson. That instrument includes both him and the debtor as owner-grantors. He admits that all money paid by the grandson on that agreement was paid over to the debtor at Hart's instruction, except for a final payment received two months before this trial. The grandson always understood that the property was owned by the debtor, not by his father, Hart. I find, therefore, that Hart took and held title to the property in question in December 1967 as constructive trustee for the debtor. The transfer by quitclaim to the grandson, therefore, conveyed all the beneficial interest in a valuable property for substantially less than the agreed consideration and, therefore, for substantially less than fair consideration. The precise value of the transfer is immaterial here, because the statute does not require plaintiffs to prove that the transfer exceeds any specific value. The transfer of the debtor's equitable interest in the property had at least the value of the agreed but unpaid payments due at the time of the transfer. There is no basis for debtor's contention that the equity was "worthless".

I find, in short, that the debtor with actual intent to hinder, delay or defraud the plaintiffs, as well as other creditors, transferred valuable property owned by him to his grandson on December 6, 1979, specifically a residence only partially paid for. This transfer occurred within one year before the filing of the debtor's bankruptcy petition. It follows that the debtor must be denied discharge under 11 U.S.C. § 727(a)(2)(A). As is required by B.R. 921(a), a separate judgment will be entered in accordance with this decision. Costs will be taxed on motion.