In re Patricia Kerr O'CONNOR a/k/a Patricia A. O'Connor a/k/a Patricia O'Connor, Debtor.

Anthony J. O'CONNOR, Plaintiff,

v.

Patricia Kerr O'CONNOR a/k/a Patricia A. O'Connor a/k/a Patricia O'Connor, Defendant.

Bankruptcy No. 82–01396G.
Adv. No. 82–2850G.

United States Bankruptcy Court, E.D. Pennsylvania.

Aug. 31, 1983.

Allen S. Kellerman, Abrahams & Loewenstein, Philadelphia, Pa., for plaintiff, Anthony J. O'Connor.

David H. Kubert, Philadelphia, Pa., for debtor/defendant, Patricia Kerr O'Connor a/k/a Patricia A. O'Connor a/k/a Patricia O'Connor.

Jonathan H. Ganz, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The matter in dispute before us arises out of an adversary proceeding brought by a creditor against the debtor seeking, in the alternative, a denial of discharge or an exception to discharge. The main issues in dispute are whether the debtor possessed the requisite fraudulent intent under 11 U.S.C. § 727(a)(2)(A) of the Bankruptcy Code and whether the debtor's prepetition surrender of a power to revoke a trust was a transfer of the debtor's property. In resolving both of these issues in the affirmative we conclude that the creditor has prevailed in his action under § 727(a)(2)(A) and thus we will deny the debtor a discharge.

It follows, therefore, that we need not consider the exception to the debtor's discharge as contained in § 523.

The facts of the case are as follows:[1] Prior to filing a petition for relief, the debtor purchased a parcel of real property on January 29, 1981, directing the grantor to deed the property to her as trustee for her son. Under the terms of the trust which was established on the day of the purchase through the deed, the debtor reserved the power to revoke the trust at any time. Subsequently the debtor amended the provisions of the trust by deleting her power as trustee to revoke the trust. The creation of the trust and the surrender of the power to revoke were without consideration. The debtor filed for relief under Chapter 7 of the Bankruptcy Code on April 1, 1982.

Anthony J. O'Connor, a creditor of the debtor, commenced this proceeding seeking in the alternative a denial of discharge or an exception to discharge under §§ 727 or 523, respectively. Under § 727(a)(2)(A), the creditor contends that the debtor, with intent to defraud her creditors, has transferred property of the debtor within one year prior to the filing of bankruptcy. The creditor asserts that the debtor's surrender of the power to revoke the trust within one year prior to the commencement of bankruptcy was done with intent to defraud. In pertinent part, § 727 states:

§ 727. Discharge

(a) The court shall grant the debtor a discharge, unless—

(1) * * *

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

---

1. This opinion constitutes findings of fact and conclusions of law as required by Bankruptcy

Rule 7052.

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition;

\*　　\*　　\*　　\*　　\*　　\*

■ Objections to discharge are construed strictly against the objector and liberally in favor of the debtor, *In re Decker,* 595 F.2d 185, 187 (3d Cir.1979), and in such actions the objecting creditor bears the burden of proving the facts essential to his objection. Bankruptcy Rule 4005. Although Rule 4005 governs the burden of proof it does not deal with the burden of going forward with evidence. As stated in the advisory committee notes:

> This rule does not address the burden of going forward with the evidence. Subject to the allocation by the rule of the initial burden of producing evidence and the ultimate burden of persuasion, the rule leaves to the courts the formulation of rules governing the shift of the burden of going forward with the evidence in the light of such considerations as the difficulties of proving the nonexistence of a fact and of establishing a fact as to which the evidence is likely to be more accessible to the bankrupt than to the objector.

Bankruptcy Rule 4005 Advisory Committee Note. Under § 727(a)(2) the fact that property "has been gratuitously transferred raises a presumption that such transfer was accompanied by the actual fraudulent intent necessary to bar a discharge under section 727(a)(2)," although the mere intent to prefer one creditor over another is not sufficient to support an action under § 727(a)(2). 4 Collier on Bankruptcy § 727.02[3] (15th Ed.1982). In the case at bar the creditor has established that the debtor's creation of the trust in favor of her son and her later surrender of the power to revoke it were both done without consideration. This raises a rebuttable presumption that the transfer was executed with fraudulent intent. Numerous factors in the case corroborate this presumption. For instance, although the property was never held in the debtor's own capacity rather than her capacity as trustee, an insurance binder on the property, a title insurance policy and the loan documents named as the interested party the debtor solely in her personal capacity. Furthermore, the debtor filed no gift tax return upon the transfer of the property to the trust nor did she ever file a fiduciary tax return. In addition, the trust did not have a trust tax identification number nor a trust bank account. Lastly, the debtor's 1981 personal income tax return reflects that the debtor deducted from her personal income the amount of property taxes she paid on the realty. We find that this evidence establishes that the creation of the trust and the later surrender of the power to revoke the trust were executed with fraudulent intent.

■ In addressing the second issue in dispute we note that an action under § 727(a)(2) can succeed only if the debtor has transferred his property or the property of his bankruptcy estate. The creditor contends that the power to revoke the trust was property of the debtor. We agree. The purpose of § 727(a)(2)(A) is to deny a discharge to those debtors who, intending to defraud, transfer without consideration property that otherwise would have become property of the estate. § 727(a)(2). Property of the estate is defined under 11 U.S.C. § 541. In pertinent part that section states as follows:

> § 541. Property of the estate.
>
> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:
>
> > (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> (b) Property of the estate does not include any power that the debtor may only exercise solely for the benefit of an entity other than the debtor.

(c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision—

    (A) that restricts or conditions transfer of such interest by the debtor; or

    (B) that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or the taking possession by a trustee in a case under this title or a custodian, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

    (2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

(d) Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

    \*    \*    \*    \*    \*    \*

But for the transfer, the power to revoke the trust would have become property of the estate under § 541(a). This conclusion is further supported by § 541(c)(1)(A) which provides that an interest of the debtor in property becomes property of the estate "notwithstanding any provision that restricts or conditions transfer of such interest by the debtor." The inclusion in the debtor's estate of the power to revoke the trust would not have been defeated by § 541(b) since the power was not exercisable "solely for the benefit of an entity other than the debtor." Furthermore, the inclusion of the power in the estate would not have been barred by § 541(d) since the debtor did not merely possess bare legal title to the property since she held the power to revoke the trust. Thus, we find that the power to revoke the trust was property of the debtor immediately prior to the debtor's amendment of the trust agreement.

In conclusion we find that the creditor has prevailed in his action under § 727(a)(2)(A) and we will deny the debtor a discharge of her debts. This result makes it unnecessary for us to discuss the creditor's second ground for relief under § 727(a)(5) and § 523.