In re James R. STEVENS, and Patricia A. Stevens, Debtors.

Janet S. CASCIATO, Trustee for the Estate of James R. Stevens and Patricia A. Stevens, Plaintiff,

v.

James R. STEVENS, Patricia A. Stevens, R.E. Shoemate, Executor of the Estate of Lena Shoemate, Deceased, Mildred Stevens, James R. Stevens, Jr., Jason Stevens, Defendants.

Bankruptcy No. 86–03023–H3–7.
Adv. No. 88–0270–H3.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

March 31, 1989.

Gerson D. Bloom, Galveston, Tex., for debtors/defendants.

Gerald P. Doyle, Woodard, Hall & Primm, Houston, Tex., for trustee Janet S. Casciato.

R.E. Shoemate, Wickett, Tex., pro se.

MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

Came on for hearing on January 6, 1989 the Motion for Summary Judgment filed by the plaintiff, Janet S. Casciato, Trustee; the Motion for Summary Judgment filed by the defendant, R.E. Shoemate; and the Cross Motion for Summary Judgment filed by defendants, James R. and Patricia Stevens, and after considering the pleadings, memoranda and evidence presented by counsel, the court enters the following findings of fact and conclusions of law along with a separate judgment. To the extent any findings of fact herein are construed to be conclusions of law, they are hereby adopted as such. To the extent any conclusions of law herein are construed to be findings of fact, they are hereby adopted as such.

*Findings of Fact*

On April 7, 1988 the Chapter 7 Trustee filed this adversary action to recover property of the bankruptcy estate of James R. and Patricia A. Stevens based upon a fraudulent conveyance of the Debtor's inheritance by renouncing and disclaiming his devise and/or legacy under his grandmother's will. Lena Shoemate died on No-

vember 14, 1985 appointing her son, R.E. Shoemate, the independent executor of her will. Her will provided that an undivided one-ninth interest in her estate was to go to her grandson, James R. Stevens, one of the Debtors herein. (Plaintiff's Exhibits B, F; Defendant Stevens' Exhibit D.) On November 21, 1985 the will was offered for probate and admitted on December 2, 1985. (Plaintiff's Exhibits D, E, G; Defendant Stevens' Exhibit E.) As of July 21, 1986, the fair market value of decedent's estate totaled $372,310.99 with a one-ninth undivided interest having a value of $41,367.89. (Plaintiff's Exhibit I.)

Approximately two weeks prior to his grandmother's death, James R. Stevens, Debtor and defendant herein, entered into a Stipulation for Entry of Judgment in connection with a pending state court lawsuit filed by Stewart B. Heighten. (Plaintiff's Exhibit J.) The stipulation granted a judgment to Mr. Heighten against James R. Stevens in the amount of $112,488.23 which judgment was recorded with the Clerk of Court of Young County, Texas on November 20, 1985.

On January 23, 1986, Debtor executed a disclaimer and renunciation whereby he renounced and disclaimed all rights to and interests in his individual one-ninth interest in all of the property of his grandmother's probate estate. (Plaintiff's Exhibits K, N; Defendant Stevens' Exhibit F.) In exchange for the execution of the renunciation, Stevens received no consideration. (Plaintiff's Exhibit B, Paragraph VII; Defendant Stevens' Exhibit B.) The beneficiaries of the renunciation of Stevens' inheritance are his own children. (Plaintiff's Exhibits B, Paragraph III, L; Defendant Stevens' Exhibit B.) At the time of the execution of the disclaimer, January 23, 1986, Stevens was insolvent. (Plaintiff's Exhibit B, Paragraph VIII; Defendant Stevens' Exhibit B.) James Stevens, Debtor and defendant herein, executed the disclaimer and renunciation with the actual intent to keep his inheritance away from the state court judgment creditors to which he was indebted at the time. (Plaintiff's Exhibits L, M, N.) On April 8, 1989, and within three months of the execution of the disclaimer and renunciation, James Stevens and his wife Patricia Stevens filed a voluntary Chapter 7 bankruptcy proceeding. (Plaintiff's Exhibit A; Defendant Stevens' Exhibit A.)

*Conclusions of Law*

Federal Rule of Civil Procedure 56 provides for summary judgment which is the method for promptly disposing of actions in which there is no genuine issue as to any material fact. Material facts are those which might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Fontenot v. Upjohn Co.,* 780 F.2d 1190 (5th Cir.1986). This court finds that no genuine issue of material fact exists and that the granting of a summary judgment under the facts as established by the parties and the applicable law is appropriate.

The plaintiff/Trustee's cause of action is based upon 11 U.S.C. § 548(a)(1) or alternatively, 11 U.S.C. § 548(a)(2) which specifies the requirements to be met in order for the Trustee to avoid certain fraudulant transfers. Section 548(a)(1) details three elements to be satisfied in determining whether an act or event is a fraudulent transfer: (1) whether a transfer of an interest in debtor's property occurred; (2) whether such transfer was made with actual intent to hinder, delay, or defraud any entity to which the debtor was indebted at the time; and (3) whether the transfer occurred within one year of the date of the filing of the bankruptcy petition. 11 U.S.C. § 548(a)(1). Alternatively, under Section 548(a)(2) a transfer can be avoided if a four part inquiry is satisfied. The trustee is required to show that: (1) a transfer of an interest in debtor's property occurred; (2) the transfer occurred within one year of the date of the filing of the bankruptcy petition; (3) the debtor received less than a reasonably equivalent value in exchange for such transfer; and (4) the debtor was insolvent on the date the transfer occurred or became insolvent as a result. 11 U.S.C. § 548(a)(2).

Property as invoked in the definition of "transfer" under the section of the Code

proscribing fraudulent transfers is a broad, all encompassing term, which has been recognized to incorporate anything of value which but for the transfer might have been preserved for the trustee for the ultimate benefit of the bankrupt's creditors. *Glosband v. Watts Detective Agency*, 21 B.R. 963, 971 (D.Mass.1981). Section 541(a)(5)(A) of the Bankruptcy Code specifically defines property of the bankruptcy estate to include:

> "any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition and that the debtor acquires ... by bequest, devise, or inheritance."

Thus, the right to control, deduct or receive a testamentary distribution constitutes an interest in property. *In re Peery*, 40 B.R. 811, 813 n. 4 (Bankr.M.D.Tenn.1984). Whether an interest in property actually exists at a specific point in time is determined by applying the appropriate state law. *In re Kjeldahl*, 52 B.R. 916 (D.C. Minn.1985); *In re Peery*, 40 B.R. 811. There is no question that the Debtor, James R. Stevens, had an interest in property, in the form of a testamentary devise, on November 14, 1985, the date of his grandmother's death. Section 37 of the Texas Probate Code establishes that "[w]hen a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will ... shall vest immediately in the devisees or legatees." Thus, James R. Stevens was vested with and had an undivided one-ninth interest in decedent's property as of November 14, 1985.

The term "transfer" is defined broadly in the Bankruptcy Code at Section 101(50) as being every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an interest in property. It is important to note that although state law is applied to determine the existence of an interest in property, federal bankruptcy law is applicable to determine if a transfer of that interest has occurred. See *In re Kjeldahl*, 52 B.R. 916, 922 (D.Minn.1985) and cases there cited. A renunciation of a devise constitutes a transfer under the Bankruptcy Code. *In re Peery*, 40 B.R. 811. Further, the transfer occurred on the date of the renunciation, January 23, 1986, even though the renunciation may have been "effective" for purposes of state law as of the date of death. *In re Peery*, 40 B.R. 811, 814; *In re Watson*, 65 B.R. 9 (Bankr. C.D.Ill.1986).

The exhibits reflect that Debtor had an actual intent to hinder, delay or defraud his creditor. The Debtor, in his deposition, specifically stated that the renunciation was executed for the express purpose of preventing his state court judgment creditor from receiving any part of his inheritance. (Plaintiff's Exhibits L, M, N.) Even if this court were not satisfied solely with Debtor's own admission as to his actual intent, there is no doubt that the requisite fraudulent intent could be deduced from the facts and circumstances. There are certain "badges of fraud" from which the court can deduct fraudulent intent. *In re Brooks*, 58 B.R. 462 (Bankr.W.D.Pa. 1986). In the present case, the value of Stevens' one-ninth interest is approximately $41,367.89 and there was an absence of consideration received. The beneficiaries of the renunciation were Stevens' own children. The transfer was made when Stevens was insolvent, an outstanding judgment existed and the transfer occurred less than three months from the date of filing of the bankruptcy petition. All of these facts and circumstances taken together result in this court's finding that defendant Stevens had the requisite intent to hinder, delay or defraud his state court judgment creditor, Mr. Heighten.

The date of transfer is the date that the renunciation was executed, i.e., January 23, 1986. *In re Peery*, 40 B.R. 811. The petition in bankruptcy was filed April 8, 1986 and thus the transfer occurred within one year of the date of the filing of the bankruptcy petition. Further, since the fair market value of Stevens' one-ninth interest is approximately $41,367.89 for which no consideration was received, the Debtor received less than a reasonable equivalent value in exchange for the transfer. (Plain-

tiff's Exhibit B; Defendant Stevens' Exhibit B.)

As the Trustee has met his burden of showing the existence of all of the requisite elements under both § 548(a)(1) and § 548(a)(2), this court finds that the transfer by Debtor was fraudulent and subject to avoidance. Thus, this court grants the plaintiff/Trustee's Motion for Summary Judgment and denies defendant/Stevens' Cross Motion for Summary Judgment.

As to the Motion for Summary Judgment filed by defendant, R.E. Shoemate, the defendant requests that post judgment interest and costs not be taxed to decedent's estate. Further, he requests recovery of attorneys' fees in the amount of $2,000.00. No basis, authority or supporting evidence is provided for any of these requests. Accordingly, the Motion for Summary Judgment filed on behalf of defendant, R.E. Shoemate, is denied.

A separate judgment in accordance with this Court's findings of facts and conclusions of law will be issued forthwith.