**In re Darrell Ray ATCHISON and Anola Marie Atchison, Debtor(s).**

**Charles E. JONES, Trustee, Plaintiff,**

v.

**Anola Marie ATCHISON, et. al, Defendants.**

**Bankruptcy No. BK 87–40410. Adv. No. 88–0145.**

United States Bankruptcy Court, S.D. Illinois.

July 10, 1989.

Richard Alan Cooper, Law Office of Terry Sharp, Mt. Vernon, Ill., for trustee.

R. Edward Veltman, Jr., Centralia, Ill., for Anola Atchison.

Edward J. Blake, Jr., Belleville, Ill., for Commerce Bank.

Jennifer Price, Centralia, Ill., for William Kent Crawford.

## MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

Count II of the trustee's second amended complaint alleges that on April 16, 1987, less than three months before filing of debtors' bankruptcy petition, debtor Anola Atchison executed a disclaimer of inheritance of property given to her under the will of her deceased father. As a result of this disclaimer the property passed to debtor's children, defendants Darrell Keith Atchison and Debra Bedard. On July 8, 1987, debtor and her husband filed a joint petition in bankruptcy under Chapter 7.

The trustee seeks to avoid debtor's pre-bankruptcy disclaimer as a fraudulent transfer under §§ 544(b) and 548(a) of the Bankruptcy Code.[1] Defendants have filed a motion to dismiss Count II of the trustee's complaint, asserting that Count II should be dismissed as a matter of law because debtor's disclaimer did not constitute a "transfer" of an interest of the debtor in property so as to come within the fraudulent transfer provisions of §§ 544(b) and 548(a).

"Transfer" is defined by section 101(50) of the Bankruptcy Code as:

[E]very mode, direct or indirect, absolute or conditional, voluntary or involuntary,

---

1. Section 544(b) provides:
   The trustee may avoid any transfer of an interest of the debtor in property ... that is voidable under applicable law by a creditor holding an unsecured claim....
   11 U.S.C. § 544(b). Section 548(a) provides:
   The trustee may avoid any transfer of an interest of the debtor in property ... that was made ... within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

   (1) made such transfer ... with actual intent to hinder, delay, or defraud any entity to which debtor was or became ... indebted; or
   (2)(A) received less than a reasonably equivalent value in exchange for such transfer ... and
   (B) was insolvent on the date that such transfer was made ... or became insolvent as a result of such transfer.... 11 U.S.C. § 548(a).

of disposing of or parting with property or with an interest in property....

11 U.S.C. § 101(50). Debtor's alleged transfer in the instant case was made pursuant to § 2–7 of the Illinois Probate Act (Ill.Rev.Stat., ch. 110½, ¶ 2–7). That section provides in pertinent part:

(a) Right to Disclaim Interest in Property. A person to whom any property or interest therein passes, by whatever means, may disclaim the property or interest in whole or in part by delivering or filing a written disclaimer....

....

(d) Effect of Disclaimer. Unless expressly provided otherwise in an instrument transferring the property or creating the interest disclaimed, the property, part or interest disclaimed shall descend or be distributed ... (a) in the case of a transfer by reason of the death of any person, as if the disclaimant had predeceased the decedent ...; and ... the disclaimer shall relate back to such date for all purposes.

Federal law is controlling as to the meaning of "transfer," and this term has been construed broadly to include every method of disposing of or parting with property. Debtor's disclaimer would constitute a transfer if the effect of the disclaimer was to transfer from her to her children the property devised under her father's will. *See Hoecker v. United Bank of Boulder,* 476 F.2d 838 (10th Cir.1973). The issue to be resolved, then, is whether debtor acquired an interest in property that could be transferred by her disclaimer under § 2–7.

The Bankruptcy Code does not define "an interest of the debtor in property" as used in §§ 544(b) and 548(a), and resort must be had to nonbankruptcy, or state, law to determine the existence and nature of such an interest. *In re Detlefsen,* 610 F.2d 512 (8th Cir.1979); *In re Universal Clearing House,* 60 B.R. 985 (D. Utah 1986); *In re Kjeldahl,* 52 B.R. 916 (D.Minn. 1985). The right to testamentary disposition within a state exists only by statutory enactment of such state and may be regulated, limited, conditioned or wholly abolished by the state. *Demorest v. City Bank Farmers Trust Co.,* 321 U.S. 36, 64 S.Ct. 384, 88 L.Ed. 526 (1944); *Hoecker v. United Bank of Boulder.* State law, therefore, is controlling on the issue of debtor's property interest in the instant case. *See In re Detlefsen.*

Under Illinois law, the effect of a disclaimer under a will is that the renunciation relates back to the moment when the gift was made, so that the estate does not vest in the disclaiming devisee but descends as though the disclaimant had predeceased the testator. Ill.Rev.Stat., ch. 110 ½, ¶ 2–7(d)(1)(a); *Tompkins State Bank v. Niles,* 127 Ill.2d 209, 130 Ill.Dec. 207, 537 N.E.2d 274 (1989); *In re Estate of Hansen,* 109 Ill.App.2d 283, 248 N.E.2d 709 (1969). Since the disclaimer prevents passage of title to the disclaimant, such a "renunciation is not a voluntary conveyance and is not subject to attack by creditors." *People v. Flanagin,* 331 Ill. 203, 208, 162 N.E. 848, 850 (1928); *In re Estate of Hansen.* Rather, it is the rule of Illinois courts that a person does not have to accept an estate against his will, and this policy prevails over a policy of being fair to the creditors of the disclaiming person. *See Tompkins State Bank v. Niles.*

In the instant case, the Illinois disclaimer statute prevented the property disclaimed by debtor from vesting in her or passing from her to her children. As a result, the disclaimer executed by debtor did not operate as a transfer of an interest in property for purposes of §§ 544(b) and 548(a). State law, moreover, provides that such a disclaimer does not violate the Illinois fraudulent conveyance statute (Ill.Rev.Stat., ch. 59, ¶ 4), and the trustee's § 544(b) claim based on this provision must fail in any event. *Tompkins State Bank v. Niles; In re Estate of Hansen.* In the absence of a transfer of property from debtor to her children, there was no fraudulent transfer under either § 548(a) or § 544(b) as alleged in Count II, and this Count should be dismissed.

The Court is aware of no case decided under the Bankruptcy Code that addresses the effect of a pre-bankruptcy disclaimer in a fraudulent transfer action. In *Hoecker*

*v. United Bank of Boulder,* a factually similar case decided under the former Bankruptcy Act, the 10th Circuit Court of Appeals construed the Colorado disclaimer statute to find that a disclaimer executed by the debtor within one year prior to filing bankruptcy was not a fraudulent transfer where the effect of the disclaimer was that no property vested in or passed from the debtor to his children but rather passed directly from the testator to the children. The trustee contends that *Hoecker* is distinguishable from the instant case in that it was decided under the Act, which contained a vesting requirement for determining what property would become part of the estate that has been eliminated under the Code.[2] The trustee relies on *In re Watson,* 65 B.R. 9 (Bankr.C.D.Ill.1986), in which the court found that a disclaimer executed under Illinois law within 180 days after bankruptcy did not prevent the disclaimed property from becoming property of the estate under § 541 of the Code. 11 U.S.C. § 541.

Contrary to the trustee's contention, *Watson* and other cases involving post-petition disclaimers (*see In re Cornell,* 95 B.R. 219 (Bankr.W.D.Okla.1989); *In re Betz,* 84 B.R. 470 (Bankr.N.D.Ohio 1987); *Matter of Lewis,* 45 B.R. 27 (Bankr.W.D.Mo.1984)) have no application to the instant case. In *Watson,* the disclaimer was executed after the bankruptcy filing, and the court's decision was based on § 541(a)(5) of the Bankruptcy Code that specifically includes within the estate "any interest in property ... that the debtor ... *becomes entitled to acquire*" through inheritance or as beneficiary of a life insurance policy within 180 days after the bankruptcy filing. 11 U.S.C. § 541(a)(5) (emphasis added). The *Watson* court correctly found that § 541(a)(5) supersedes the debtor's right to renounce under state law when the disclaimer is executed post-petition. *See In re Cornell; Matter of Lewis; see also In re Detlefsen.*

In this case where the disclaimer was executed prior to bankruptcy, no Code provision applies to alter the effect of state law regarding debtor's property interest. Unlike § 541, which reflects a new concept of "property of the estate" under the Code, the Code sections relating to fraudulent transfer are substantially the same as under the Act, and case law interpreting the earlier provisions remains viable. *See* 4 *Collier on Bankruptcy,* § 541.02[1], at 541–10; § 548.01[1], at 548–8. The *Hoecker* case, though decided under pre-Code law, may not be distinguished on that basis and, because of the factual similarity to the instant case, constitutes persuasive authority for the result reached here.

The trustee further observes that *Hoecker* was decided by a divided court and urges the Court to adopt the reasoning of the dissenting judge in *Hoecker.* (*Hoecker,* 476 F.2d 838, 842 (Holloway, J. dissenting)). Judge Holloway, emphasizing the supremacy of federal law in determining what constitutes a transfer in bankruptcy cases, found that this federal interest overrides state law provisions regarding the nature and extent of property rights. Judge Holloway concluded that the disclaimant's power to control the passing of his inheritance constituted a transfer notwithstanding the relation back provision of state law.

The Court finds the *Hoecker* dissent to be ill-reasoned in that it disregards state law provisions defining property interests. As discussed above, in the case of a pre-bankruptcy disclaimer, the federal prohibition against fraudulent transfers is invoked when there has been a transfer of a debtor's property interest arising under state law. While the trustee argues that federal common law and the policy against fraudulent transfers should cause this Court to find that debtor's disclaimer constituted a transfer,[3] the trustee has failed to cite any

---

**2.** Section 70(a) of the Bankruptcy Act, predecessor to § 541(a)(5) of the Code, provided for inclusion in the bankruptcy estate of property "which *vests* in the bankrupt within six months after bankruptcy by bequest, devise or inheritance...." 11 U.S.C. § 110(a), ¶ 2 (1976) (emphasis added).

**3.** The court of appeals in *In re Detlefsen* rejected a similar analysis by the district court that state laws allowing individuals to disclaim legacies and thus divert them from creditors must yield to the policies of federal bankruptcy law (*see Mickelson v. Detlefsen,* 466 F.Supp. 161 (D.Minn. 1979)). *Detlefsen,* involving a post-petition disclaimer, was decided under the Act without ben-

applicable provision defining debtor's interest in property other than as under state law. In the instant case, debtor had no property interest under state law that could be transferred, and debtor's disclaimer thus did not violate the fraudulent transfer provisions of the Code.

The Court likewise finds the case of *In re Peery*, 40 B.R. 811 (Bankr.M.D.Tenn. 1984), cited by the trustee, to be unpersuasive in that the court there failed to give effect to the state law disclaimer statute in determining the debtor's interest in property. In a § 727 action to deny discharge based on the debtor's pre-bankruptcy disclaimer (*see* 11 U.S.C. § 727(a)(2)(A)), the *Peery* court determined that the debtor's right to receive a testamentary devise constituted a property interest under Tennessee law but essentially disregarded the relation back provision of the disclaimer statute, treating it as a statute of limitations provision rather than as affecting substantive property rights.[4] The Court finds it inappropriate to look to state law for the purpose of finding a property interest in debtor but to ignore the state law provision that the interest passes, upon disclaimer, as though the debtor had predeceased the testator.

From the time of her father's death until her disclaimer, debtor here, as in *Peery*, had the right or power either to accept or disclaim the devise under her father's will. When debtor disclaimed the testamentary gift, this disclaimer related back to the time of the decedent's death, and debtor acquired no interest that could be made the subject of a voluntary conveyance. *Tompkins State Bank v. Niles.* The trustee, therefore, has no claim against defendants under § 544(b), which is premised upon a state action under the fraudulent conveyance statute, and, since no federal provision applies to give debtor an interest in property other than as under state law, the

efit of § 541(a)(5), and there was no applicable federal provision to supersede state law in determining the debtor's property interest.

**4.** The *Peery* court, noting that the debtor's disclaimer would not be a fraudulent conveyance under Tennessee law, recognized that the trust-

trustee's action under § 548(a) must likewise fail.

For the reasons stated, the Court finds that the disclaimer executed by debtor prior to filing her bankruptcy petition did not constitute a transfer of property under §§ 548(a) and 544(b) and that Count II of the trustee's second amended complaint based on these sections should be dismissed.

IT IS ORDERED that defendants' motion to dismiss Count II of the trustee's second amended complaint is GRANTED.

ee would not recover in a § 544(b) action. The court expressly did not "address or decide" any issue that might be raised in an action to recover a fraudulent conveyance under § 548. *See Peery*, 813 n. 3, 815 n. 5.