Irving **LOSNER**, doing business as Irving
Losner, M. D., Appellant,

v.

**UNION BANK**, Appellee.

No. 20777.

United States Court of Appeals
Ninth Circuit.

Jan. 27, 1967.

Martin J. Resnick, Philadelphia, Pa., for appellants.

Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa. (Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before HASTIE, FORMAN and SMITH, Circuit Judges.

**112**

Andrew F. Leoni, of Slate & Leoni, Los Angeles, Cal., for appellant.

Myron W. Curzon, Los Angeles, Cal., for appellee.

Before BARNES, DUNIWAY, and ELY, Circuit Judges.

PER CURIAM:

Appellant Losner filed a voluntary petition in bankruptcy on June 8, 1964 and was adjudicated a bankrupt on the same date. Appellee, one of Losner's creditors, filed a timely objection to discharge. It alleged that the appellant, within the twelve months immediately preceding the filing of the petition, had concealed a portion of his assets with the intent to hinder, delay, or defraud his creditors. After a hearing the referee in bankruptcy determined that the allegation was true. Pursuant to section 14(c) (4) of the Bankruptcy Act, 11 U.S.C. § 32(c) (4), he denied appellant a discharge. Losner's appeal is from an order of the District Court which affirmed the referee's determination. Our jurisdiction is conferred by section 24(a) of the Bankruptcy Act, 11 U.S.C. § 47(a).

The referee found, and Losner admits, that he, Losner, withdrew $1000 from his checking account on April 17, 1964, that he carried that sum on his person, in cash, and that subsequently he used the money to purchase cashier's checks and money orders with which he made payments to several of his creditors.

Appellant urges that the determinative question is "whether the carrying of money upon the person of one or leaving money in a person's home is sufficient to establish the concealment of assets from creditors with intent to hinder, delay or defraud." We do not agree that that is the precise question before us. The referee found that, at the time of the acts of which appellee complains, Losner actually knew that he was going to become bankrupt and that he committed those acts with the intent to hinder and delay his creditors. Whether Losner did or did not so intend was a question of fact upon which there was disputed evidence. Under General Order 47, 11 U.S.C. foll. § 53, the district judge was required to accept the referee's finding "unless clearly erroneous."

Part of the evidence before the referee was a transcript of testimony previously given by Losner during a section 21(a) examination. Responding to the question of why he had chosen to keep the money on his person, Losner had testified, "Because at the time I withdrew the money, I knew I was going bankrupt, and I did not want any monies that I might have had attached through the bankruptcy action, so I removed it in the form of cash, yes." With such an admission in evidence, we conclude, as did the district judge, that the referee's finding was not "clearly erroneous."

Affirmed.