In the Matter of Reid Otto HARPE, Individually and d/b/a Otto Harpe Used Cars & Harpe Texaco Service Station, Bankrupt.

No. 19622.

United States District Court,
M. D. Georgia,
Macon Division.

Feb. 5, 1973.

John P. Nixon, Nixon & Nixon, Warner Robins, Ga., for petitioner.

Jerry B. Marshall, Macon, Ga., for bankrupt Reid Otto Harpe.

Fred Hodges, Jr., Macon, Ga., for trustee.

OWENS, District Judge:

This is a petition to review an order of the Referee in Bankruptcy denying objections to a discharge in bankruptcy. Reid Oscar Harpe filed his petition in bankruptcy on March 10, 1971, and was discharged on December 14, 1972, pursuant to an order of the Referee.

Initially, on June 10, 1971, the Trustee filed objections to the bankrupt's discharge and on November 9, 1972, the Trustee abandoned such a position. One L. M. Showalter, a creditor of the bankrupt, was permitted to pursue the objections. A hearing was held before the Referee on December 6, 1972, and at its conclusion the Referee set forth his reasons for denying the objections. An order granting the discharge was subsequently entered on December 14, 1972.

Section 14c of the Bankruptcy Act, 11 U.S.C. § 32(c), contains a catalogue of commissions and omissions which bar the granting of a discharge in bankruptcy. In the case at bar three of these were raised.[1]

1. 11 U.S.C. § 32(c). "The court shall grant the discharge unless satisfied that the bankrupt has . . . (4) at any time subsequent to the first day of the

The bankrupt was in the used car business. He continued to sell cars almost up until the day he filed his petition in bankruptcy. This case concerns his disposition of four cars. The issue is whether he handled these cars in such a manner as to "inten[d] to hinder, delay or defraud his creditors".[2] The Referee held that the requisite intent was not present. Each of the transactions is discussed below.

The first car in issue is a 1964 Chrysler. The bankrupt gave this car to one George Brown, the bankrupt's first cousin. The bankrupt stated that he did this because ·Brown had previously loaned him $1,000 in 1967–1968.

In another transaction, one Roy Hooks gave the bankrupt a check for $500 in November 1970. The bankrupt was supposed to use this money in purchasing a pick up truck for Hooks. The bankrupt was unable to find a suitable pick-up, so Hooks came by the bankrupt's car lot in March of 1971 and selected a 1967 Dodge Dart.

█ The third car was a 1962 Tempest that the bankrupt sold to his niece for $50.00. The objector challenges this price. However, the bankrupt testified that he had the car appraised at $50.00. There was no testimony before the Referee to contradict this figure.[3]

The final transaction involved the sale of a 1964 Valiant. The price paid was $495.00, this being the price marked on the car's windshield.

The Referee held that these transactions did not exhibit the requisite intent that is proscribed by 11 U.S.C. § 32(c). The Referee was of the opinion that: Since the bankrupt was in the used car business it would only be natural for him to sell automobiles, even up to a few days prior to the filing of his petition in bankruptcy; viewing the evidence most favorable to the objector, there might have been a preference to Hooks, but that such was not the intent proscribed by the statute; there was no intent on the bankrupt's part "to do anyone in."

██ In dealing with such a situation this court must bear in mind that a discharge is a precious privilege of bankruptcy. But the solicitude of the Bankruptcy Act stops at the bankrupt who has engaged in the type of conduct proscribed by 11 U.S.C. § 32(c). A bankrupt will not be denied a discharge on general equitable grounds. The objector has the burden of establishing one of the statutory grounds. Shelby v. Texas Improvement Loan Co., 280 F.2d 349 (5th Cir. 1960). ·

██ In Hayslip v. Long, 227 F.2d 550 (5th Cir. 1955), the court addressed itself to the intent required to find a violation of 11 U.S.C. § 32(c)(4), and stated:

"The proof required is not satisfied merely by a showing of a fraudulent

---

twelve months immediately preceding the filing of the petition in bankruptcy, transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed, any of his property, with intent to hinder, delay, or defraud his creditors; . . . or (6) in the course of a proceeding under this title refused to obey any lawful order of, or to answer any material question approved by, the court; or (7) has failed to explain satisfactorily any losses or assets or deficiency of assets to meet his liabilities: *Provided,* That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this subdivision, would prevent his discharge in bankruptcy, then the

burden of proving that he has not committed any of such acts shall be upon the bankrupt."

There is no evidence to support the objections based on subsections (6) and (7). The evidence presented goes solely to subsection (4) and this opinion will address itself solely to that issue.

2. Since the transactions involved occurred in February and March of 1971, there is no question that they are covered by the twelve month period provided for in ·11 U.S.C. § 32(c).

3. The objector has attempted to present evidence to this court that is outside the record. This court is limited to the evidence presented at the hearing before the Referee.

conveyance unless the fraud infecting such conveyance includes the specific intent to defraud creditor. Neither is it satisfied merely by proof of an intent to prefer creditors." 227 F.2d at 553.

This intent must be actual fraudulent intent. As to the elements constituting such intent, the fact that the property involved is of small value tends to negative fraudulent intent. See 1A J. Moore, Collier on Bankruptcy, ¶ 14.-47[1] (14th ed. 1972).[4] This court cannot hold that the Referee's finding that the requisite intent was not present is clearly erroneous. Accordingly, the Referee's order granting a discharge is affirmed.

---

4. The intent proscribed by 11 U.S.C. § 32 (c) (4) has been found where the bankrupt testified that shortly before bankruptcy he had withdrawn $1,000 from his banking account and used it to pay some creditors because "[A]t the time I withdrew the money, I knew I was going bankrupt and didn't want any monies that I might have had attached through the bankruptcy action." Losner v. Union Bank, 374 F.2d 111, 112 (9th Cir. 1967). In the case at bar the bankrupt specifically denied that the contest transactions were made as part of a pre-bankruptcy scheme.