**In the Matter of Marcel FREUDMANN, Bankrupt-Appellant.**

**In re Joseph BLANKSTEIN, Trustee-Appellee.**

**No. 753, Docket 73-2578.**

United States Court of Appeals, Second Circuit.

Argued March 28, 1974.

Decided March 28, 1974.

Samuel B. Ohlbaum, New York City, for bankrupt-appellant.

A. Thomas Levin, Garden City, New York (Jaspan & Kaplan, Garden City, New York on the brief), for trustee-appellee.

Before KAUFMAN, Chief Judge, and SMITH and ANDERSON, Circuit Judges.

PER CURIAM:

Although the decision below was affirmed in open court, we are of the view that it is appropriate for us to memorialize that disposition in a written opinion.

Marcel Freudmann appeals from Judge Gurfein's denial of a petition for review of an order denying Freudmann a discharge in bankruptcy entered by Bankruptcy Judge Herzog. The testimony presented before the bankruptcy court established that for at least one year preceding the filing of an involuntary petition in bankruptcy on May 28, 1970, Freudmann, a diamond merchant, engaged in a calculated scheme to purchase diamonds on credit and immediately to sell them, for cash, at prices below cost. In effect, Freudmann was "kiting" diamonds by using the proceeds of his cash sales to meet notes as they fell due. As a result of this consistent pattern of transactions, Freudmann incurred debts of $107,315, from May 1, 1969, to April, 1970. Freudmann did not deny these activities; indeed, in his testimony before the bankruptcy court, Freudmann admitted the essential facts of this "Ponzi-like" scheme, as the bankruptcy judge characterized it, but disclaimed any fraudulent intent.

After several hearings, Bankruptcy Judge Herzog found that the pattern of Freudmann's behavior evidenced actual intent to defraud the creditors "at the end of the line" and, accordingly, denied Freudmann his discharge. 11 U.S.C. § 32(c)(4).[1] Subsequently, Judge Gurfein, in a well-reasoned opinion reported at 362 F.Supp. 429 (S.D.N.Y. 1973), found that the evidence supported the bankruptcy judge's finding and denied Freudmann's petition for review. After studying the record of proceedings in both the bankruptcy court and the district court, we agree that the clear pattern of purposeful conduct amply supported a finding of actual intent to defraud. Once the evidence established "reasonable grounds" to believe that Freudmann committed acts to hinder, delay, or defraud his creditors, the burden of proving that he had not committed such acts shifted to Freudmann. 11 U.S.C. § 32(c). We do not believe that the courts below erred in finding that Freudmann's mere denials of fraudulent intent fell short of sustaining his burden. Accordingly, we affirm.

---

1. Section 14(c)(4) of the Bankruptcy Act, 11 U.S.C. § 32(c)(4), provides:

> (c) the court shall grant the discharge unless satisfied that the bankrupt has . . . (4) at any time subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy, transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed, any of his property, with intent to hinder, delay, or defraud his creditors.

