FUTURE TIME, INC., et al., Plaintiffs,

v.

Louis Randolph YATES, Defendant.

Civ. A. No. 82–9–ATH.

United States District Court,
M.D. Georgia,
Athens Division.

Feb. 1, 1983.

Thomas A. Nash, Jr., Athens, Ga., for plaintiffs.

David W. Griffeth, Athens, Ga., for defendant.

OWENS, Chief Judge:

This is an appeal from the order of United States Bankruptcy Judge Robert F. Hershner, Jr. entered December 4, 1981, denying the dischargeability of the hereinafter stated debt of the appellant-debtor Lewis Randolph Yates (appellant).

Appellant filed a voluntary petition under Chapter 7 of Title 11 of the United States Code on January 16, 1981. On April 16, 1981, Future Time, Inc. and Tommy E. Warner (appellees) filed a complaint objecting to appellant's discharge and in the alternative seeking a determination as to the dischargeability of certain debts owed to them by appellant. Appellees contended that appellant by his actions had attempted to defraud or hinder their efforts to collect on the debts owed to them.

Judge Hershner made the following findings of fact:

(1) On August 1, 1978, appellant purchased the Riverboat Restaurant in Athens from appellee Future Time, Inc. for $12,-000.00;

(2) Appellant paid $6,000.00 down and executed a promissory note for the balance of the purchase price;

(3) In conjunction with the purchase of the restaurant, appellant entered into two lease agreements—one with appellee Warner for the real property on which the restaurant was located and the other with appellee Future Time for the restaurant equipment;

(4) Appellant made no payments on the promissory note and only sporadic payments on the two leases;

(5) On or about November 15, 1979, after discovering that Georgia Power had terminated service to appellant for nonpayment and that the insurance on the restaurant had lapsed, appellee Warner took possession of the premises;

(6) During a five-month period from November of 1979 to April of 1980 appellant was unemployed and depended on his wife to help support the family;

(7) In April of 1980, appellant started work with Hardee's Food System in Athens;

(8) Appellant's weekly take-home pay was approximately $198.00;

(9) After starting work with Hardee's, appellant did not utilize any personal bank accounts—he cashed his paychecks, paid selected creditors, and turned the remainder (sums ranging from $80.00 to $140.00 per week) over to his wife who deposited this money in her personal checking account and used it to pay household expenses, among them the monthly house payment;

(10) At an undisclosed time during 1980, appellees initiated suit against appellant in the Superior Court of Oconee County for breach of the agreements executed on August 1, 1978;

(11) This matter, originally set for trial in August of 1980, was rescheduled for sometime in January of 1981;

(12) On December 8, 1980, appellant transferred to his wife the remaining one-half undivided interest that he had in the family residence, thus making her the sole owner of the residence;

(13) At the time of transfer, appellant estimated the residence to have a fair market value of $62,000, while existing mortgages and tax liens against the property totalled over $70,000;

(14) Appellant admitted that his actions in transferring the residence were motivated by a desire to keep it throughout the bankruptcy proceeding; and

(15) On January 16, 1981, appellant filed his petition in the United States Bankruptcy Court seeking relief under Chapter 7 of the Bankruptcy Code—the trial in the Superior Court of Oconee County was thereby stayed under the operation of 11 U.S.C. § 362.

Based on the above findings of fact, the bankruptcy court found as a matter of law that appellant was not entitled to discharge of his debts because he had violated section 727(a)(2)(A) of the Bankruptcy Code.

Section 727(a)(2)(A) provides that:

"The court shall grant the debtor a discharge unless—

*       *       *       *       *       *

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; ..."

The intent to hinder must be an actual intent. *In re Harpe,* 354 F.Supp. 59 (M.D.Ga.1973). That actual intent may be inferred from the actions of the debtor. 1A *Collier on Bankruptcy,* ¶ 14.47 (14th Ed. 1972). Appellant in the instant case complains that the evidence as to his intent was insufficient to authorize the court below to deny him a discharge. This court is unable to agree.

As was stated previously, actual intent may be inferred from the actions of the debtor. Rarely, if ever, has a debtor taken the witness stand and testified under oath that yes, he transferred the property in question with the intent to hinder, delay or defraud his creditors. Therefore, necessari-

ly, the intent to defraud must usually be proved by circumstantial evidence. *See, In re Bone,* No. 80–89–ATH (M.D.Ga., filed April 13, 1981); *In re Freudmann,* 362 F.Supp. 429 (S.D.N.Y.1973), *aff'd* 495 F.2d 816 (2d Cir.1974), *cert. denied* 419 U.S. 841, 95 S.Ct. 72, 42 L.Ed.2d 69 (1974).

■ In the instant case there was evidence that appellant was months behind in his payments to appellees, that he was unemployed for five months, that after obtaining employment he transferred substantial portions of his weekly paycheck to his wife who deposited the money in her personal checking account, and that shortly before he was to go to trial in the Superior Court of Oconee County he transferred the remaining interest that he had in his residence to his wife, thus making her the sole owner. Appellant's actions during the year immediately preceding the filing of his petition were more than sufficient to authorize the bankruptcy judge's finding that he had transferred property with the intent to hinder, delay or defraud his creditors.

Appellant further complains that the bankruptcy judge, in reaching his decision, erred in relying upon evidence unrelated to the subject of the transfers in question. Specifically, appellant is referring to evidence presented that he had, without the one-year limit of Section 727(a)(2)(A), made certain statements about stockholdings, large retirement benefits and ownership of a cheese business which misrepresented his financial condition.

■ This court made it abundantly clear in the case of *In re Bone,* No. 80–89–ATH (M.D.Ga., filed April 3, 1981) that "a party opposing the discharge of a debt can use any evidence, even that occurring *outside* a time limit, to prove the nature of an intent which occurred within a time limit, *i.e.,* a *present* actual intent."[1] *Id.* at p. 3. It follows that a court, in considering the question of the debtor's present intent, is not prohibited "from drawing on expres-

sions of intent which fall outside the one-year period." *Id.* Accordingly, the bankruptcy judge acted properly when he considered the aforementioned evidence in determining appellant's present actual intent.

Finally, appellant complains that the evidence failed to show that the property transferred reduced the assets available to creditors. The court is again unable to agree.

■ Each time that appellant cashed his paycheck and transferred a substantial portion of his weekly earnings to his wife to be deposited in her personal checking account, he reduced assets which would have been available to his creditors. Appellant cannot argue seriously to the contrary.

Appellant urges this court to find that the transfer of his remaining interest in the family residence to his wife was not a transfer of property made with intent to hinder creditors because the debts owed on the residence exceed its fair market value. The court cannot subscribe to this reasoning.

As the bankruptcy judge stated in his order:

"Defendant admits that he transferred his one-half interest in his residence to his wife in an attempt to save it, and he freely admits that the wages he transferred to his wife were used, in part, to pay the mortgage on the residence. He continues to gain the benefit of being able to live in the house, which his wages are helping to purchase, and yet seeks to have this Court believe that he did not intend to hinder or delay creditors by transferring it. This transfer was made shortly before Plaintiffs' case against Defendant was scheduled for trial in the Superior Court of Oconee County, and from the circumstances, it is apparent that this scheduled trial was a precipitating factor behind the transfer."

---

1. Appellant's reliance on the case of *Rice v. Matthews,* 342 F.2d 301 (5th Cir.1965) for the proposition that a court can consider only evidence that specifically relates to the alleged fraudulent transfers is misplaced. The court in *Rice* merely emphasized that a discharge

should not be denied on general equitable considerations.

Additionally, even if the court had not considered the evidence in question, the evidence within the one-year period was more than sufficient to authorize a denial of discharge.

When appellant transferred his interest in the residence to his wife, he obviously intended to shield what he thought was valuable property from the claims of his creditors. To hold now that there occurred no transfer of property with the intent to hinder creditors merely because the debts on the residence exceed its estimated fair market value would be to reward appellant for his wrongdoing, which the court refuses to do.

Accordingly, after having carefully considered and reviewed the record in the instant action, it is this court's considered judgment that the bankruptcy judge correctly determined that appellant violated Section 727(a)(2)(A) of the Bankruptcy Code. The decision of the bankruptcy judge denying appellant a discharge of his debts is therefore AFFIRMED.

Costs shall be assessed against appellant.

SO ORDERED, this 1st day of February, 1983.