In the Matter of Harold Paul CHASTANT, Jr., Debtor.

Felix Octave PAVY, Appellee,

v.

Harold Paul CHASTANT, Jr., Appellant.

No. 88–4339.

United States Court of Appeals, Fifth Circuit.

May 19, 1989.

Robert P. Brenham, Strain, Dennis, Ellis, Mayhall & Bates, Lafayette, La., for appellant.

Felix Octave Pavy, Thistlethwaite, Thistlethwaite & Pavy, Opelousas, La., for appellee.

Before THORNBERRY, GEE, and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

Harold Paul Chastant, Jr. appeals the judgment denying his discharge in bankruptcy pursuant to 11 U.S.C. § 727(a)(2)(A), for transferring property within one year prior to the bankruptcy with intent to hinder, delay, or defraud a creditor or officer of the bankrupt estate. The intent element was inferred from the trust instrument effecting the transfer. Finding sufficient evidence of that intent, and of the other elements required, we affirm.

## Background

Chastant filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 9, 1986. Felix O. Pavy was appointed trustee of the estate. In that capacity, he filed a complaint objecting to the discharge of Chastant under 11 U.S.C. § 727(a)(2)(A) alleging that Chastant had improperly transferred property of the estate within one year prior to the filing of the bankruptcy proceeding.

On February 3, 1986 Chastant created a trust known as the Harold P. Chastant, Jr. Trust, to which he transferred various properties. He donated additional property to the trust on April 2, 1986.

Article 3.1 of the trust declares:

3.1 *Original income beneficiary.* Harold P. Chastant, Jr. shall be the sole income beneficiary for his lifetime or until the happening of (1) or (2) below, whichever occurs first:

(1) filing for voluntary or involuntary bankruptcy of Harold P. Chastant, Jr.

(2) rendering a final judgment or other final court decree against Harold P. Chastant, Jr. in an amount exceeding $20,000, excluding interest, attorney's fees and costs.

The trust instrument also provided that Chastant's wife would become a successor income beneficiary for her lifetime, or until a judgment of separation or divorce would be rendered between her and the debtor, in which event Chastant would resume the position of sole income beneficiary. In addition to being income beneficiary, Chastant was named trustee, with unlimited powers to buy, sell, commingle, or withdraw all income and principal without limit.

Based on the trust instrument and the transfers contained therein, the bankruptcy court found that a transfer had occurred with the requisite intent to hinder, delay or defraud. Accordingly, the bankruptcy court denied the debtor's discharge. The district court affirmed the bankruptcy court. Chastant appeals.

## Analysis

■ The sole issue on this appeal is whether the transfer of property by Chastant was made with the "intent to hinder, delay, or defraud a creditor or an officer of the [bankrupt] estate," so as to support a denial of his discharge in bankruptcy under 11 U.S.C. § 727(a)(2)(A). Critical to this inquiry is whether such intent can be inferred from the language of the trust. We conclude that it can.

The Bankruptcy Code provides that:

(a) The court shall grant the debtor a discharge, unless—

. . .

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition. . . .

11 U.S.C. § 727(a)(2)(A). "The bankruptcy statutes have a two-fold purpose—first, to secure the equitable distribution of the bankrupt's estate among his creditors, and second, to relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes." *In re Devers,* 759 F.2d 751, 754–55 (9th Cir.1985) (citations and quotations omitted).

The specific purpose of § 727(a)(2)(A) is to deny a discharge to those debtors who, intending to defraud, transfer property which would have become property of the bankrupt estate. *In re O'Connor,* 32 B.R. 626 (Bankr.E.D.Penn.1983). In order to deny discharge, the statute requires that four elements be proven: (1) a transfer of property; (2) belonging to the debtor; (3) within one year of the filing of the petition; (4) with intent to hinder, delay, or defraud a creditor or officer of the estate. *In re Reed,* 18 B.R. 462 (Bankr.E.D.Tenn.1982). In the instant case, all elements have been stipulated except for the intent element.

■ The trustee bears the burden of establishing that the transfer occurred

with the intent to hinder, delay, or defraud O'Connor. Moreover, "evidence of actual intent to defraud creditors is required to support a finding sufficient to deny a discharge." *Matter of Reed*, 700 F.2d 986, 991 (5th Cir.1983). Constructive intent is insufficient. *In re Glaser*, 49 B.R. 1015 (Bankr.S.D.N.Y.1985). Actual intent, however, may be inferred from the actions of the debtor and may be proven by circumstantial evidence. *Future Time, Inc. v. Yates*, 26 B.R. 1006 (Bankr.M.D.Ga.), *aff'd without op.*, 712 F.2d 1417 (11th Cir.1983); *In re Nazarian*, 18 B.R. 143 (Bankr.D.Md. 1982). *See also Glaser; Reed*, 700 F.2d at 991 (Because a debtor is unlikely to testify directly that his intent was fraudulent, the courts may deduce fraudulent intent from all the facts and circumstances of a case.).

In *In re Schmit*, 71 B.R. 587 (Bankr,D. Minn.1987), the court detailed the factors evidencing actual intent to defraud under section 727(a)(2)(A):

(1) the lack or inadequacy of consideration; (2) the family, friendship or close associate relationship between the parties; (3) the retention of possession, benefit or use of the property in question; (4) the financial condition of the party sought to be charged both before and after the transaction in question; (5) the existence or cumulative effect of the pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and (6) the general chronology of the events and transactions under inquiry.

*Schmit*, 71 B.R. at 590.

In the case at bar, most of these indicia are evidenced by the plain language of the trust agreement. For example, the trust instrument gave Chastant unlimited power over the property as well as all benefits to be derived therefrom. This "retention of the use of transferred property very strongly indicates a fraudulent motive underlying the transfer." *In re Cadarette*, 601 F.2d 648, 651 (2d Cir.1979) (citations omitted).

■ Additionally, "a presumption of actual fraudulent intent necessary to bar a discharge arises when property is either transferred gratuitously or is transferred to relatives." *In re Butler*, 38 B.R. 884, 888 (Bankr.D.Kan.1984). The transfer of property to relatives, in conjunction with other circumstances, will often make the trustee's case compelling, notwithstanding the absence of direct evidence of fraud. *Matter of Loeber*, 12 B.R. 669 (Bankr.D.N. J.1981). In the instant case Chastant established the trust both gratuitously and for his children. This creates a presumption of an intent to defraud establishing plaintiff's *prima facie* case and shifting to Chastant the burden of demonstrating that he lacked fraudulent intent. *Butler*, 38 B.R. at 888; *In re Bateman*, 646 F.2d 1220 (8th Cir.1981). Chastant has failed to rebut these presumptions. The finding that Chastant acted with actual fraudulent intent was not clearly erroneous and there was no error in the denial of his discharge under section 727(a)(2)(A).

AFFIRMED.