**In the Matter of Walter Gerald PASSERO, Debtor.**

**Cadles Grassy Meadows II LLC, Appellant,**

v.

**Walter Gerald Passero, Appellee.**

**No. 05–50775.**

United States Court of Appeals, Fifth Circuit.

Decided March 13, 2006.

Robert R. Feuille, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, TX, for Appellant.

Donald S. Leslie, Cheryl S. Lay, Leslie & Lay, El Paso, TX, for Appellee.

Before REAVLEY, JOLLY, and DeMOSS Circuit Judges.

PER CURIAM: *

Cadles Grassy Meadows II LLC ("Cadles") appeals the denial of its motion seeking to deny Walter Gerald Passero Chapter 7 relief. Cadles argues that Passero acted with the intent to hinder, delay, or defraud his creditors and is thus ineligible for Chapter 7 relief under 11 U.S.C. § 727(a)(2)(A). We agree.

Although the party challenging Chapter 7 relief generally bears the burden of establishing § 727(a)(2)(A) intent, this court's holding in *Pavy v. Chastant (Matter of Chastant)*, 873 F.2d 89 (5th Cir. 1989), makes clear that "a presumption of actual fraudulent intent necessary to bar a discharge arises when property is either transferred gratuitously or is transferred to relatives." [2] *Id.* at 91. By forming the spendthrift trust for the benefit of his children with his father as trustee, Passero meets both of the *Chastant* presumption requirements—he has (1) made a gratuitous transfer (2) to relatives. As such, a presumption of § 727(a)(2)(A) intent arose and the burden of proof shifted to Passero to demonstrate that he acted without the requisite intent. The record makes clear that Passero has failed to meet this burden. Thus the district court's finding that Passero lacked the intent to hinder, delay, or defraud his creditors was clear error [3] and is reversed for the following reasons: [4]

1. The district court erred in accepting Passero's stated reasoning for using the Trespass Corporation bank account. Passero concedes that he never actually tried to open such an account, nor was any proof introduced demonstrating an attempt to open such an account.

2. The district court erred in finding that Passero's open use of the account demonstrated Passero's lack of § 727(a)(2)(A) intent. Although the checks used by Passero and his wife to draw on the account appeared to be personal checks and showed only the names of Passero and his wife, the account was *not* in either name, nor did either Passero or his wife claim to own any of the account assets. Because the account was in anoth-

---

\* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2. Passero argues that the presumption under *Chastant* was altered by *Robertson v. Dennis (Matter of Dennis)*, 330 F.3d 696 (5th Cir. 2003). This argument is without merit. *Dennis* did not alter the presumption under *Chastant* but, instead, found that the debtor in *Dennis*, unlike the debtor in *Chastant*, failed to rebut the presumption of fraudulent intent. *Dennis*, 330 F.3d at 702.

3. A finding regarding "intent to hinder, delay, or defraud ... is a factual one which must be reviewed under the clear error standard." *See Dennis*, 330 F.3d at 701.

4. The bankruptcy court misapplied *Chastant* by failing to acknowledge the presumption in this case and instead placing the burden of proof on Cadles to demonstrate that Passero acted with § 727(a)(2)(A) intent. However, when Cadles argued *Chastant* error on appeal to the district court, the district court found that the presumption arose, but had been effectively rebutted by Passero. This finding is error.

er's name and because Passero denied ownership, even knowledge of the account would be of no benefit to a creditor in the collection of Passero's debts unless legal steps were first taken to expose Passero's actual control of the account.

3. The district court erred in relying on the bankruptcy court's apparently *sua sponte* finding that all of the judgments against Passero had expired under Texas law and thus Passero could not have acted with intent to defraud those creditors. This finding is incorrect as it appears that at least one judgment against Passero had not expired under Texas law and because Passero listed outstanding judgments against him on his bankruptcy schedules.

4. The district court further erred in finding that Passero demonstrated that the omission of Passero's name from the 7410 Limited Partnership's partnership agreement, and his use of assumed name certificates in manipulating the placement of income from the partnership, was not evidence of intent to defraud creditors.

5. The district court erred in affirming the bankruptcy court's finding that Passero had not retained an interest in the spendthrift trust nor received any benefit from it. Record documents reflect that in 2002 alone approximately $86,000 passed through the Trespass account held by the trustee of the children's trust.

6. Finally, the district court was in error to find that any indicia of intent to defraud was effectively rebutted by the 2003 filing of an assumed name certificate under which Passero personally associated himself with "the Passero Company."

In the light of the entirety of the record, that is, the establishment of the spendthrift trust arrangement through which the debtor conducted his personal and business affairs for some fifteen years and by the use of assumed name certificates

and other surreptitious devices to hide his income and assets, up to and including the year before filing his petition in bankruptcy, and in view of his inadequate explanation for such conduct of his affairs, it is clear that Passero failed to rebut the *Chastant* presumption that he acted with the intent to hinder, delay, or defraud his creditors. The judgment of the district court is therefore reversed and the case is remanded to the district court with instructions to grant Cadles's motion and enter judgment denying Walter Passero relief by means of a Chapter 7 discharge.

REVERSED and REMANDED.