# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 24, 2010

No. 09-41226
Summary Calendar

Lyle W. Cayce
Clerk

In the Matter of: VERNA KAY HERMAN,

Debtor

VERNA KAY HERMAN,

Appellant

v.

GARY DEAN JACKSON; JACKSON LAW OFFICES, P.C.; GLORIA ANN
JACKSON,

Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:09-CV-158

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In an adversary proceeding in bankruptcy court, creditors of Verna Kay
Herman challenged the discharge of Herman's debts. The bankruptcy court
ruled in favor of the creditors, finding that Herman had made false statements

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 09-41226

and fraudulent omissions in her bankruptcy schedules and statement of financial affairs. These precluded a discharge of her debt. The district court affirmed, as do we.

In 1998, Gary Jackson, the Jackson Law Offices, and Gloria Jackson (the "Jacksons"), won a state court judgment against Herman for unpaid attorney's fees arising from their representation of Herman during her 1996 divorce. After numerous appeals, the judgment became final on October 11, 2002. On November 12, 2002, a Texas constable served a writ of execution in the amount of $81,349.73 on Herman to enforce the judgment. Herman informed the constable that she had no available, non-exempt property to satisfy the judgment. Nonetheless, as a result of seizures and sales of nonexempt property, the amount owed by Herman has been reduced to $47,794.44.

On December 3, 2002, Herman filed a voluntary petition under Chapter 13 of the Bankruptcy Code. After two time extensions, she filed schedules listing about $2,500 in a checking account, later amended to about $300.

The bankruptcy was contentious. In January 2007, the Jacksons commenced an adversary proceeding. Their complaint objected to Herman's discharge in bankruptcy. They alleged Herman failed to list certain necessary transactions on her filed bankruptcy schedules or statement of financial affairs, thereby violating 11 U.S.C. §§ 727(a)(2) and (a)(4).

The bankruptcy court grouped the omitted transactions into three categories. (1) On November 8 and 12, 2002 – four days before and on the day of the constable's serving the writ of execution – Herman made withdrawals totaling $13,000 from her checking account. She allegedly used these funds to pay for physical improvements to her home. (2) On July 10, 2002, Herman transferred title of a 1999 Ford F-250 truck to her husband for $1. The Hermans traded that truck for a 2000 Ford F-250 truck on September 9, 2002. Herman paid the balance of the purchase price. (3) On August 19, 2002, Herman

2

purchased a laptop computer; on October 19, 2002, she purchased a television. She made both purchases at a Best Buy electronics store using her personal line of credit. These purchases totaled $1,960.

In determining whether to deny discharge under Section 727(a)(2)(A) of the Code, the Jacksons had to prove by a preponderance of the evidence that there was "(1) a transfer of property; (2) belonging to the debtor; (3) within one year of the filing of the petition; (4) with intent to hinder, delay, or defraud a creditor or officer of the estate." *Pavy v. Chastant (In re Chastant)*, 873 F.2d 89, 90 (5th Cir. 1989). The bankruptcy court had "little doubt" as to the first three factors. As to the fourth, the bankruptcy court inferred the intent to hinder or defraud from the evidence. We will discuss that evidence below.

The bankruptcy court also concluded that Herman's failure to disclose these assets was a fraudulent false oath under Section 727(a)(4)(A). We do not review that analysis, as it is unnecessary to our decision.

As a result of these violations of the Code, the discharge of debts was denied. Herman appealed to the district court, which affirmed.

We review the bankruptcy court's "findings of fact for clear error and conclusions of law *de novo*." *Cadle Co. v. Duncan (In re Duncan)*, 562 F.3d 688, 694 (5th Cir. 2009). "A finding of fact is clearly erroneous only if on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotations and citations omitted). We give "due regard" to the bankruptcy judge's determination of witness credibility. *Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 701 (5th Cir. 2003) (internal quotations and citations omitted).

Generally, the bankruptcy court must discharge debts unless the debtor violates a statutory condition. 11 U.S.C. § 727(a). The bankruptcy court found Herman breached the two separate statutory conditions that we have discussed. Both claims arose from Herman's failure to list the contested transactions on her

bankruptcy schedules or her statement of financial affairs. This court has recognized that "[t]he burden is on the debtors to complete their schedules accurately." *Faden v. Ins. Co. of N. Am. (Matter of Faden)*, 96 F.3d 792, 795 (5th Cir. 1996) (internal citation and quotations omitted).

Herman argues that she lacked fraudulent intent. Under Section 727(a)(2)(A), a debtor is entitled to discharge unless "the debtor, with intent to hinder, delay, or defraud a creditor . . . [has] concealed . . . property of the debtor, within one year before the date of the filing of the petition." *Id.* at § 727(a)(2)(A). A plaintiff must prove actual fraud – not constructive fraud – though this "may be inferred from the actions of the debtor and may be proven by circumstantial evidence." *In re Chastant*, 873 F.2d at 91.

> We consider six factors when analyzing an actual intent to defraud:
>
> (1) the lack or inadequacy of consideration; (2) the family, friendship or close associate relationship between the parties; (3) the retention of possession, benefit or use of the property in question; (4) the financial condition of the party sought to be charged both before and after the transaction in question; (5) the existence or cumulative effect of the pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and (6) the general chronology of the events and transactions under inquiry.

*Id.* (internal citation omitted). As we will demonstrate below, Herman's conduct implicates all factors except possibly the third, strongly indicating actual fraud. We also apply a "presumption of actual fraudulent intent" if the debtor transfers property gratuitously or to a relative. *Id.* "The presence or absence of fraudulent intent is a finding of fact, and is reviewed under the clearly erroneous standard." *In re Duncan*, 562 F.3d at 698.

Herman argues she had no subjective belief that the omitted assets belonged to her, and the omission of all transactions was, at most, an "honest mistake." Though Herman alleged she did not own the F-250 truck, she paid the

balance of its purchase price on her credit card and produced no evidence that her husband made any payments for the truck.  Herman claimed her husband used the computer and accessories for his business activities, and thus she considered him their rightful owner.  She also attempted to discharge the debt on the Best Buy merchandise that she allegedly did not own.  On the other hand, she made the cash withdrawals within days of the enforcement of the state court judgment, leaving her bank account with amounts far below their historical averages, and produced no record the home improvements occurred.

The bankruptcy court found in these facts "too many omissions from significant transactions occurring only weeks prior to the bankruptcy filing to support the supposition that these omissions were the result of honest mistake or inadvertence."

The court also expressed doubts about Herman's credibility.  As a result, her statements that she did not believe she owned the Ford truck or Best Buy merchandise were given little weight.  Given this pattern of behavior, we conclude that the bankruptcy court did not clearly err by finding Herman acted with fraudulent intent in violation of Section 727(a)(2)(A).

We do not review Herman's arguments about the finding of a Section 727(a)(4)(A) violation.  The violation of Section 727(a)(2)(A) is itself a sufficient basis to preclude a discharge of her debt.

The judgment of the bankruptcy court and district court is AFFIRMED.